

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MAKELL DEMONKO MALLORY | Criminal Information<br><br>1:25-CR-336-JPB |

THE UNITED STATES ATTORNEY CHARGES THAT:

### Count One
### Sex Trafficking of a Minor — Minor Victim 1

Beginning on or about June 1, 2023, and continuing until on or about June 6, 2023, in the Northern District of Georgia, the defendant, MAKELL DEMONKO MALLORY, did, in and affecting interstate commerce, knowingly recruit, entice, harbor, transport, provide, obtain, advertise, maintain, and solicit by any means Minor Victim 1, a minor who was then under the age of 18 years, having had a reasonable opportunity to observe Minor Victim 1, and knowing and in reckless disregard of the fact that Minor Victim 1 had not yet attained the age of 18 years and would be caused to engage in a commercial sex act, all in violation of Title 18, United States Code, Sections 1591(a), (b)(2), and (c).

### Count Two
### Sex Trafficking of a Minor — Minor Victim 2

Beginning on or about August 9, 2023, and continuing until on or about August 23, 2023, in the Northern District of Georgia, the defendant, MAKELL DEMONKO MALLORY, did, in and affecting interstate commerce, knowingly

recruit, entice, harbor, transport, provide, obtain, advertise, maintain, and solicit by any means Minor Victim 2, a minor who was then under the age of 18 years, having had a reasonable opportunity to observe Minor Victim 2, and knowing and in reckless disregard of the fact that Minor Victim 2 had not yet attained the age of 18 years and would be caused to engage in a commercial sex act, all in violation of Title 18, United States Code, Sections 1591(a), (b)(2), and (c).

## Forfeiture

Upon conviction of either Counts One or Two of this Information, the defendant, MAKELL DEMONKO MALLORY, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 1594(d), any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of the violation(s), and any property traceable to such property and any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the violation(s), or any property traceable to such property, including, but not limited to, the following:

> MONEY JUDGMENT: A sum of money in United States currency representing the amount of proceeds obtained as a result of the offense(s) alleged in Counts One and Two of this Indictment.

If any property subject to forfeiture, as a result of any act or omission of the defendant:

> (a) cannot be located upon the exercise of due diligence;
>
> (b) has been transferred or sold to, or deposited with, a third party;
>
> (c) has been placed beyond the jurisdiction of the court;

2

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 1594(e)(2) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

THEODORE S. HERTZBERG
*United States Attorney*

*Leanne Marek*

LEANNE M. MAREK
*Assistant United States Attorney*
Georgia Bar No. 270935

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181