IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> *v.* <br><br> MAKELL MALLORY | Criminal Action No. <br><br> 1:25-CR-336-JPB |

### United States' Sentencing Memorandum

The United States of America, by Theodore S. Hertzberg, United States Attorney, and Leanne M. Marek, Assistant United States Attorney for the Northern District of Georgia, files Sentencing Memorandum in advance of Defendant Makell Mallory's sentencing. For the reasons that follow, the government requests that the Court sentence Mallory to 10 years of imprisonment, followed by a 10-year term of supervised release.

**1. Background**

In June and August 2023, Defendant Makell Mallory sold two minor victims to men for commercial sex. Mallory posted advertisements for the minor victims (PSR at ¶¶ 25, 43), secured hotel rooms for the minor victims (PSR at ¶¶ 27, 43), and profited from the commercial sex activities. (PSR at ¶ 26). Mallory was arrested on August 23, 2023, after law enforcement recovered Minor Victim 2. (PSR at ¶ 40).

On August 5, 2025, Mallory pleaded guilty to a two-count Information charging him with sex trafficking Minor Victim 1 and Minor Victim 2. (Doc. 5).

2. The Presentence Investigation Report

There is no information in the Presentence Investigation Report ("PSR") that was previously unknown to the government. The PSR correctly determined that Mallory's custody guidelines range is 292-365 months. (PSR at 31). Mallory submitted objections to the Guidelines enhancements set forth in paragraphs 56, 64, and 78 of the PSR. (*See* Def. Obj. to PSR). Each enhancement applies to Mallory.

A. The Defendant Should Receive the 2-Level Enhancement Pursuant to § 2G1.3(b)(2)(B) for Minor Victim 1

The PSR correctly applies the 2-level enhancement for undue influence as Mallory exercised undue influence over Minor Victim 1 to engage in prostitution. (PSR at ¶ 56). "To decide whether the defendant's conduct constituted undue influence, the district judge 'may look to a variety of factors, including whether [the defendant] displays an abuse of superior knowledge, influence and resources.'" *United States v. Jones*, 546 Fed. Appx. 946, 947 (11th Cir. 2013). Here, Mallory introduced Minor Victim 1 to prostitution, explained to her what a "play" was, and told her that she needed to have sex with men so they could make money. (PSR at ¶ 23). Mallory posted the advertisements for Minor Victim 1, limited her access to her cell phone, and encouraged her to continue engaging in prostitution after she expressed that she wanted to stop doing so by telling her that he loved her, and they were getting rich together. (PSR at ¶¶ 25, 28). He also took all the money that Minor Victim 1 made from doing plays. (PSR at ¶ 26). These actions are sufficient to support the enhancement for undue influence. *See Jones*, 546 Fed.

2

Appx. at 947-948 (finding that the undue influence enhancement applied where defendant convinced the victim that he loved her, took her money, controlled how much the victim could charge for their services, and controlled the victim's cell phone).

The defendant objects to the two-level enhancement applying pursuant to Section 2G1.3(b)(2)(A). The government agrees that this enhancement for the knowing misrepresentation of a participant's identity to persuade, induce, entice, or coerce the minor to engage in sexually explicit conduct does not apply. This enhancement requires that the defendant misrepresent something about himself, not something about the victim. *See United States v. Young*, 613 F.3d 735, 748-749 (8th. Cir. 2010) (noting that the enhancement applies when a defendant misrepresents their age, name, occupation, gender, or status in order to induce the victim to engage in sexually explicit conduct).

### B. The Defendant Should Receive the 2-Level Enhancement Pursuant to § 2G1.3(b)(2)(B) for Minor Victim 2

The PSR correctly applies the 2-level enhancement for undue influence as Mallory exercised undue influence over Minor Victim 2 to engage in prostitution. (PSR at ¶ 64). Mallory asked Minor Victim 2 to sell her body, created and posted the advertisements for her, and made her engage in prostitution. (PSR at ¶¶ 43, 46).

### C. The Defendant Should Receive the Five-Level Enhancement Pursuant to § 4B1.5(b)

Section 4B1.5(b) provides a five-level increase if "the defendant engaged in a pattern of activity involving prohibited sexual conduct." U.S.S.G. § 4B1.5(b)(1) provides that

> In any case in which the defendant's instant offense of conviction is a covered sex crime, neither §4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct: [t]he offense level shall be 5 plus the offense level determined under Chapters Two and Three."

U.S.S.G. § 4B1.5(b)(1). Both Counts One and Two are "covered sex crimes," as the defendant is charged with violating 18 U.S.C. § 1591 in each count.

Relevant to this case, as defined in Application Note 4(A)(i) of U.S.S.G. § 4B1.5, prohibited sexual conduct means "(i) any offense described in 18 U.S.C. § 2426(b)(1)(A). . ." *Id*. Section 1591 is listed in 18 U.S.C. § 2426(b)(1)(A). The occasions of "prohibited sexual conduct" to support the enhancement can have occurred during the instant offense and do not have to have resulted in a conviction. *See* U.S.S.G. § 4B1.5, Application Note 4(B).

As set forth above and detailed in the PSR, the Defendant has been convicted of, and has engaged in, more than two acts that would constitute prohibited sexual conduct, all of which are sufficiently reliable to support the enhancement. In this case alone, the Defendant has been convicted of two separate violations of 18 U.S.C. § 1591. That is sufficient for the enhancement to apply as they are multiple acts of prohibited sexual conduct.

4

### 3. The Court Should Sentence Defendant to 10 Years' Imprisonment

Section 3553(a) requires the Court to consider certain factors and then "impose a sentence sufficient, but not greater than necessary" to achieve the purposes of sentencing set forth in § 3553(a)(2). Those factors include, among others, the nature and circumstances of the offense, the need for the sentence imposed to reflect the seriousness of the offense, the history and characteristics of the defendant, deterrence of criminal conduct, and the need to protect the public from future crimes of the defendant.

In fashioning a sentence that complies with the "overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary,' to accomplish the goals of sentencing," *Kimbrough v. United States*, 552 U.S. 85, 101 (2007), the Court must consider the broad range of factors set forth in § 3553(a). *See also Pepper v. United States*, 131 S. Ct. 1229, 1242 (2011). In doing so, the Court must "make an individualized assessment based on the facts presented" and determine their appropriate weight in light of the purposes of sentencing. *Gall v. United States*, 552 U.S. 38, 50-52 (2007). Should the district court impose a sentence outside of the advisory range, "it must explain why that variance is 'appropriate in a particular case with sufficient justifications' [and] [t]he justifications should be 'sufficiently compelling to support the degree of the variance.'" *United States v. v. Pedraza-Mendoza,* 578 F. App'x 851, 853 (11th Cir. 2014) (quoting *Gall*, 552 U.S. at 46).

Here, the government's recommended sentence of 10 years of imprisonment is supported by § 3553(a) factors and is sufficient but not greater than necessary

to achieve the goals of sentencing. While 10 years is a substantial downward variance from the Guidelines, it is a reasonable sentence for the reasons explained below and that the government will advance at sentencing.

### A. Nature and Circumstances of the Offense.

The Eleventh Circuit has emphasized child sex crimes as "among the most egregious and despicable of societal and criminal offenses." *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009).  This is, in large part, due to the extraordinary harm that sexual exploitation has on a minor victim's psychological, emotional, and mental health. *United States v. Pugh*, 515 F.3d 1179, 1196–97 (11th Cir. 2008) ("It has been found that sexually exploited children are unable to develop healthy affectionate relationships later in life, have sexual dysfunctions, and have a tendency to become sexual abusers as adults. Sexual molestation by adults is often involved the production of child sexual performances. When such performances are recorded and distributed, the child's privacy interests are also invaded.").

These are serious offenses, and a 10-year sentence reflects that fact. The Government is recommending a below-guidelines sentence for several reasons, but one consideration is that Mallory's offenses were limited in time with each victim to between 1-4 weeks. In addition, while these cases often involve a much older defendant exploited young victims, Mallory was closer in age to Minor Victim 1 and 2. These factors distinguish Mallory from other cases involving sex trafficking of minors.

### B. History and Characteristics of the Defendant.

Mallory's history and characteristics are perhaps the most important considerations that counsel in favor of a 10-year sentence. He has no prior criminal convictions. Mallory was 22 years old at the time he committed the offenses. His personal history coupled with his documented low IQ has been described in detail by defense counsel. The evaluations and reports provided to the Court were known to the Government and influenced its decision to seek a 10-year sentence in this case.

### C. Need to Afford Adequate Deterrence and Protect the Public from Future Crimes.

A sentence of 10 years' imprisonment will promote both specific and general deterrence and protect the public from Mallory. This sentence will take Mallory out of the community for a decade. A substantial term of imprisonment will provide specific deterrence to Mallory, as well as protect the public from his future crimes. For a defendant who has never served any term of imprisonment, a 10-year sentence is sufficient and not greater than necessary. Ten years in prison and a 10-year term of supervised release will deter Mallory from committing this type of crime upon his release.

### Conclusion

For the reasons set out above and those the government will advance at sentencing, this Court should sentence Mallory to 10 years of imprisonment followed by ten years of supervised release.

Respectfully submitted this 30th day of October, 2025.

                        THEODORE S. HERTZBERG
                        *United States Attorney*

*Leanne Marek*
/s/LEANNE MAREK
    *Assistant United States Attorney*
  Georgia Bar No. 270935
  leanne.marek@usdoj.gov